UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| REBECCA MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 4:15-CV-418 JAR |
| v. | ) | Consolidated with Case Nos.: |
| | ) | 4:15-CV-453 JAR |
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) | 4:15-CV-488 JAR |
| | ) | 4:15-CV-489 HEA |
| Defendant. | ) | 4:15-CV-490 ERW |
| | ) | 4:15-CV-492 HEA |
| | ) | 4:15-CV-493 RWS |

## MEMORANDUM AND ORDER

Plaintiffs in this consolidated action allege Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by filing proofs of claim in their bankruptcy proceedings on time-barred debts. (Petition, Doc. No. 4, ¶¶ 17-20, 27-28) Defendant has moved to dismiss Plaintiffs' claims arguing that using legal process to obtain payment on a stale debt via a proof of claim can never give rise to an FDCPA action. (Doc. No. 18)[1] On October 1, 2015, the Court stayed this matter pending the outcome of the Eighth Circuit's resolution of the appeal in Nelson v. Midland Credit Mgmt., Inc., No. 4:15-CV-816 ERW, 2015 WL 5093437 (E.D. Mo. Aug. 28, 2015). In Nelson, the district court acknowledged a split of authority among federal courts on the issue, but reasoned that the balance of decisions weighed in favor of dismissal and granted defendant's motion to dismiss. 2015 WL 5093437, at *2. On July 11, 2016, the Eighth Circuit issued its decision and affirmed the district court. See Nelson v. Midland Credit Mgmt., Inc., 828 F.3d 749 (8th Cir. 2016). On Defendant's motion, the Court ordered the stay lifted on November 21, 2016. (Doc. No. 27)

---

[1] Defendant's motion is currently under consideration with this Court.

1

Plaintiff has filed a Motion for Reconsideration of the Court's Order in light of the United States Supreme Court's grant of certiorari in a case involving the identical issue presented in this action, i.e., whether filing a proof of claim for a time-barred debt violates the FDCPA, <u>Johnson v. Midland Funding, LLC</u>, 823 F.3d 1334 (11th Cir. 2016), cert. granted (U.S. Oct. 11, 2016) (Doc. No. 38). Defendant opposes the motion for reconsideration on the grounds that continuing the stay will only further delay disposition of this case (Doc. No. 40).

The Court is aware that this case has been pending for some time. However, the Supreme Court's decision in <u>Johnson</u> will be dispositive of this case and resolve the current circuit-split among the Fourth, Seventh, Eighth and Eleventh Circuits. Under these circumstances, the Court will grant Plaintiff's motion for reconsideration, vacate its order lifting the stay, and continue to stay this case pending the Supreme Court's decision in <u>Johnson</u>.

Accordingly, and for good cause shown,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [38] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's November 21, 2016 Order lifting the stay [37] is **VACATED**. The October 1, 2015 stay shall remain in force pending the Supreme Court's decision in <u>Johnson v. Midland Funding, LLC</u>, 823 F.3d 1334 (11th Cir. 2016), cert. granted (U.S. Oct. 11, 2016).

**IT IS FURTHER ORDERED** that Plaintiff shall advise the Court of the Supreme Court's decision in <u>Johnson</u> within ten (10) days of its issuance.

Dated this 1st day of December, 2016.

_/s/ John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**