UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REBECCA MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-00418 JAR |
| ) | |
| JEFFERSON CAPITAL SYSTEMS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Petition (Doc. No. 46). The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be granted.

**Background**

Plaintiffs in this consolidated action alleged Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), by filing proofs of claim in their bankruptcy proceedings on time-barred debts.[2] (Petition, Doc. No. 4, ¶¶ 17-20, 27-28) The Court entered a Case Management Order on July 1, 2015, establishing an August 14, 2015 deadline for joining parties or amending pleadings (Doc. No. 15). On June 10, 2015, Defendant moved to dismiss

---

[1] Defendant filed its Memorandum in Opposition to Plaintiff's motion on June 16, 2017 (Doc. No. 47). Plaintiff did not file a reply and the time for doing so has passed.

[2] The following cases were consolidated for purposes of discovery on April 29, 2015:

Doyle Scott v. Jefferson Capital Systems, LLC, Case No. 4:15-CV-00453-JAR; Sandra Weis v. Jefferson Capital Systems, LLC, Case No. 4:15-CV-00488-JAR; Tracy Bridgeman and Amy Bridgeman v. Jefferson Capital Systems, LLC, Case No. 4:15-CV-00489-HEA; Kristin Kennedy v. Jefferson Capital Systems, LLC, Case No. 4:15-CV-00490-ERW; Jay Huson and Laura Huson v. Jefferson Capital Systems, LLC, Case No. 4:15-CV-00492-HEA; and Jorge Carranza and Sharie Carranza v. Jefferson Capital Systems, LLC, Case No. 4:15-CV-00493-RWS.

Plaintiffs' claims, arguing that using legal process to obtain payment on a stale debt via a proof of claim can never give rise to an FDCPA action (Doc. No. 18); the motion was fully briefed as of July 16, 2015. Defendant filed notices of supplemental authority in support of its motion on August 17, 2015 (Doc. No. 26) and September 3, 2015 (Doc. No. 27).

On September 4, 2015, Plaintiffs moved to stay the case pending the outcome of the Eighth Circuit's resolution of the appeal in <u>Nelson v. Midland Credit Mgmt., Inc.</u>, No. 4:15-CV-816 ERW, 2015 WL 5093437 (E.D. Mo. Aug. 28, 2015) (Doc. No. 28). In <u>Nelson</u>, the district court acknowledged a split of authority among federal courts on the issue, but reasoned that the balance of decisions weighed in favor of dismissal and granted defendant's motion to dismiss. <u>Id</u>. at *2. The Court granted Plaintiffs' motion and stayed this case on October 1, 2015 (Doc. No. 30). On July 11, 2016, the Eighth Circuit issued its decision and affirmed the district court. <u>See</u> <u>Nelson v. Midland Credit Mgmt., Inc.</u>, 828 F.3d 749 (8th Cir. 2016). On Defendant's motion, the Court ordered the stay lifted on November 21, 2016. (Doc. No. 37)

Plaintiff moved for reconsideration of the Court's order lifting the stay in light of the United States Supreme Court's grant of certiorari in a case involving the identical issue presented in this action, i.e., whether filing a proof of claim for a time-barred debt violates the FDCPA, <u>Johnson v. Midland Funding, LLC</u>, 823 F.3d 1334 (11th Cir. 2016), cert. granted (U.S. Oct. 11, 2016) (Doc. No. 38). Over Defendant's objection, the Court vacated its order lifting the stay on December 1, 2016 and continued to stay this case pending the Supreme Court's decision in <u>Johnson</u> (Doc. No. 42).

On May 15, 2017, the Supreme Court issued its decision in <u>Johnson</u>, holding that "filing (in a Chapter 13 bankruptcy proceeding])a proof of claim that is obviously time barred is not a false, deceptive, misleading, unfair, or unconscionable debt collection practice within the

meaning of the Fair Debt Collection Practices Act." <u>Midland Funding, LLC v. Johnson</u>, 137 S. Ct. 1407, 1415-16 (2017). On June 2, 2017, on Plaintiff's motion, the Court lifted the stay, dismissed the consolidated claims with prejudice, and granted Plaintiff Rebecca Moore seven days to file a motion to amend her complaint (Doc. No. 45).

Moore requests leave to amend her complaint to remove any allegations as to the time-barred nature of the debt and confine her cause of action to allegations that Defendant misrepresented the amount of the debt within the proof of claim, and specifically, that Defendant sought post-charge off interest from Moore, despite its representation to the contrary. Defendant opposes Plaintiff's motion, arguing that Plaintiff fails to demonstrate good cause for leave to amend almost two years after the deadline set forth in the Case Management Order. Defendant further argues that Plaintiff's proposed amended complaint prejudices Defendant by changing the theory of recovery and imposing additional discovery requirements.

**Discussion**

"Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions 'when justice so requires.' Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order 'shall not be modified except upon a showing of good cause.'" <u>Schenk v. Chavis</u>, 259 F. App'x 905, 907 (8th Cir. 2008). Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, a court is required to apply the good cause standard of Rule 16(b), not the more liberal standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. <u>Sherman v.Winco Fireworks, Inc.</u>, 532 F.3d 709, 716 (8th Cir. 2008); <u>Popoalii v. Correctional Med. Servs.</u>, 512 F.3d 488, 497 (8th Cir. 2008). "The primary measure of good cause is the

movant's diligence in attempting to meet the order's requirements." Sherman, 532 F.3d at 716 (citing Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)). Whether to grant a motion for leave to amend is within the discretion of the Court. Nadist, LLC v. Doe Run Resources Corp., 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009).

After careful consideration, the Court concludes that Plaintiff has established good cause to amend. The delay in this case up to now has been principally the result of the stay entered on October 1, 2015. Moreover, "[d]elay in seeking to amend, alone, is an insufficient justification to deny leave." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 453 (8th Cir. 1998). Prejudice to the nonmovant must also be shown. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694-95 & n. 5 (8th Cir. 1981)). In the original complaint, Plaintiff alleged that Defendant knew that its January 13, 2014 proof of claim for $3,954.99 was false, and that Defendant misrepresented to Plaintiff that it could legally enforce the debt. (Complaint ("Compl."), Doc. No. 4 at ¶¶ 17-18, 20). In both the original and proposed amended complaints, Plaintiff alleges Defendant violated 15 U.S.C. § 1692e and § 1692f. (Compl. at ¶ 26(b), (c), (e), and (f)). The Court finds there is a sufficient factual basis for Plaintiff's proposed new allegations. Furthermore, due to the stay, all pretrial deadlines were cancelled and have not yet been reset, so there is time to permit additional discovery that may be required as a consequence of adding the new factual allegations.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Petition [46] is **GRANTED**. The Clerk of Court shall detach and docket Plaintiff's First Amended Complaint, submitted as Exhibit 1 to her Motion for Leave.

_John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of June, 2017.